IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GOMER,                          :

     Plaintiff,                        :

v.                                       :
                         Civil Action No. GLR-16-356
HOME DEPOT U.S.A., INC.,                :
et al.,
                               :

     Defendants.                       :

                               :

### MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Anthony Gomer's Motion for Leave to File Second Amended Complaint (ECF No. 25) and Motion to Remand (ECF No. 35). Also pending before the Court are Defendants', Home Depot U.S.A., Inc. ("Home Depot") and Christopher Cote (collectively, "Defendants"), Motions to Dismiss (ECF Nos. 17, 38) and Home Depot's Motion to Compel Discovery Responses and for an Order Deeming Facts in Defendant's First Requests for Admission to be Admitted as True[1] (ECF No. 31). The Motions are ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016).

For the reasons outlined below, the Court will deny Gomer's Motion to Remand; grant in part and deny in part Gomer's Motion for Leave to File Second Amended Complaint; accept Gomer's proposed Second Amended Complaint, but only with respect to Counts III and IV; grant in part and deny in part as moot Home Depot's Motion to Dismiss; and grant Cote's Motion to Dismiss.

---

[1] Under Local Rule 104.4 (D.Md. 2016), "discovery shall not commence . . . until a scheduling order is entered." Because the Court has not entered a scheduling order in this case, the Court will deny Home Depot's Motion without prejudice.

## I.    BACKGROUND

Gomer, a middle-aged African-American male, is a former Home Depot employee. (First Am. Compl. ¶¶ 13, 21, 34, ECF No. 11-1). He began as a part-time associate, but later obtained a full-time position. (Id. ¶ 13). Home Depot promoted Gomer to the role of supervisor, and in this role, Gomer earned $14 per hour and supervised two departments between 2012 and 2014. (Id. ¶¶ 13, 34, 53). Defendants Bradley Ferraro[2] and Cote were Gomer's supervisors.

The most senior supervisors at the Home Depot store where Gomer worked maintained a practice of granting lower-level supervisors the privilege of carrying keys to open and close the store. (Id. ¶ 47).[3] The senior supervisors extended this privilege based on seniority of the lower-level supervisors. (Id.). On several occasions during his employment, Gomer attained the seniority necessary to earn the privilege of carrying keys. (Id. ¶ 48). Nonetheless, Gomer's supervisors withheld the privilege from Gomer, while extending it to white supervisors, even those who had less seniority than Gomer. (Id.). On multiple occasions, Gomer demanded that his supervisors permit him to carry keys, but they refused, explaining that Gomer

_____

[2] On September 16, 2016, the Court ordered Gomer to show cause why the First Amended Complaint should not be dismissed against Ferraro without prejudice because the Court had no record that Ferraro had been served. (ECF No. 52). The parties responded on September 21, 2016. (ECF Nos. 60, 61). Because the Court will dismiss Counts I and II -- the only Counts asserted against Ferraro -- the Court will terminate Ferraro as a Defendant in this action.

[3] For consistency and ease of reference, the Court has renumbered allegation numbers 1 through 8 on pages 9 through 10 of the First Amended Complaint as 44 through 51.

2

would

have to successfully complete probation before they would extend that privilege. (Id. ¶ 49). Gomer was the only supervisor who was required to serve probation. (Id.).

Gomer alleges that after he "protest[ed]" his supervisors' refusal to allow him to carry keys, his supervisors and another employee "retaliat[ed]" against him by "conspir[ing]" to carry out an elaborate plot that would culminate in Gomer's termination. (Id. ¶ 35). First, Defendants Ferraro and Cote, as well as Criss Butterbaugh, Mike Fillipone, and Gary Templar, "conspired" to transfer Gomer to the Tools Rental Department. (Id.). These individuals knew Gomer had no experience in this department, and they refused to provide him training or a staff to help him run the department. (Id.).

While Gomer was supervising the Tools Rental Department, Templar brought some customers to Gomer and introduced them as "gentlemen from the church nearby" (the "Church Customers") who needed to rent a generator. (Id. ¶ 37). Templar asked Gomer to perform the rental. (Id.). Because Gomer had never received training on how to rent a generator, Ryan Kane, a veteran of the department, executed the rental contract. (Id. ¶ 38). The Church Customers did not return the generator to the store by the deadline identified in the rental contract. (Id. ¶ 39). "[I]n playing out their script," Gomer's supervisors chose not to pursue recovery of the generator through law enforcement agents, instead electing to accuse Gomer of stealing the

3

generator.  (Id.).  Gomer's supervisors then used the false allegation of theft to terminate Gomer's employment.[4]  (Id. ¶ 40).

Before Gomer's termination, on December 31, 2012 and November 19, 2014, Defendants "said and wrote a statement to the hearing of several persons that [Gomer] has shoplifted a generator" from the store.[5]  (Id. ¶ 14).  Defendants transmitted this false allegation to their corporate attorneys and the staff of the store and corporate office. (Id. ¶¶ 15, 16).  After learning of this allegation, Home Depot's corporate attorneys contacted Gomer, demanding payment for the generator and threatening legal action, including criminal prosecution.  (Id. ¶ 15).

Also prior to his termination, in October 2014, Gomer's department and the entire store were short-staffed, causing Gomer to work "several overtime hours."  (Id. ¶ 54).  Gomer demanded payment, but he was "ignored" and "never paid."  (Id. ¶ 55).

In November 2014, Gomer filed a charge of discrimination with the Howard County Office of Human Rights and the United States Equal Employment Opportunity Commission.  (Id. ¶ 11).  After receiving a right to sue letter, Gomer filed suit in the Circuit Court for Baltimore City, Maryland on November 20, 2015.  (ECF No. 2).  Gomer named only Home Depot as a defendant and raised claims for defamation (Count I) and civil conspiracy (Count II).  (Id.).  Home Depot timely removed the matter to this Court on February 8, 2016.  (ECF No. 1).

---

[4]  Gomer does not allege when Home Depot terminated his employment.
[5]  It appears Gomer may have intended to allege Ferraro and Cote

On February 16, 2016, Home Depot filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Gomer filed a First Amended Complaint on March 8, 2016, in which he added Ferraro and Cote as defendants and raised new claims for (1) disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq. (2012) (Count III), and (2) unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (2012), and the "Maryland Fair Labor Practices Act"[6] (Count IV). (First Am. Compl.). Gomer asserts Count I against Home Depot, Ferraro, and Cote; Count II against Ferraro and Cote; and Counts III and IV against Home Depot. (Id.). On March 18, 2016, the Court denied Home Depot's Motion to Dismiss as moot without prejudice. (ECF No. 16).

On March 22, 2016, Home Depot filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 17). On April 30, 2016, Gomer filed a Motion for Leave to File Second Amended Complaint, maintaining his four claims, but adding new factual allegations. (ECF No. 25). After serving several discovery requests on Gomer, on June 7, 2016, Home Depot filed a Motion to Compel Discovery Responses and for an Order Deeming Facts in Defendant's First Requests for Admission to be admitted as True. (ECF No. 31). Gomer filed a Motion to Remand

---

"defamed" Gomer on November 9, 2014 and December 31, 2014.

[6] Maryland does not have a "Fair Labor Practice Act." In his proposed Second Amended Complaint, Gomer correctly identifies the Maryland analog to the FLSA as the Maryland Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. §§ 3-401 et seq. (West 2016).

on July 19, 2016 (ECF No. 35), and Cote filed a Motion to Dismiss Amended Complaint on July 26, 2016 (ECF No. 38).  All pending Motions are fully briefed and ripe for disposition.

## II.  DISCUSSION

### A.  __Motion to Remand__

The Court begins with the threshold issue of whether it has subject-matter jurisdiction over this case.  The Court will deny Gomer's Motion to Remand because the Court had diversity jurisdiction over the action when Home Depot removed it to this Court.

Gomer argues remand is warranted because the Court no longer has diversity jurisdiction over this case.  He contends his First Amended Complaint defeats the complete diversity of citizenship required under 28 U.S.C. § 1332 (2012) because it adds Cote and Ferraro, who, like Gomer, are Maryland citizens.

The party seeking removal carries the burden of establishing federal jurisdiction.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)).  The Court must strictly construe removal jurisdiction because removal jurisdiction raises significant federalism concerns.  Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  Accordingly, if federal jurisdiction is doubtful, the Court should grant a motion to remand.  Id. (citation omitted).

A defendant may remove a state court action to federal court if the federal court would have original subject-matter jurisdiction over

6

the action. 28 U.S.C. § 1441(a) (2012). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331, or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a). There is complete diversity of citizenship if "no party shares common citizenship with any party on the other side." Cunningham v. Twin City Fire Ins. Co, 669 F.Supp.2d 624, 627 (D.Md. 2009) (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

For purposes of diversity jurisdiction, a corporation is a citizen of every State in which it is incorporated or maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010). In practice, a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." Id. at 93. An individual is a citizen of the state of his domicile, "i.e. the state he considers his permanent home." Dyer v. Robinson, 853 F.Supp. 169, 172 (D.Md. 1994).

When a plaintiff amends his complaint after removal, the court considers the original complaint rather than the amended complaint in determining whether removal was proper. Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005); see Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (explaining that in determining whether removal was

proper, the court considers the plaintiff's pleading at the time of the removal petition).  This rule "is grounded not only in well over a half-century of precedent, but also in sound policy.  If parties were able to defeat jurisdiction by way of post-removal [amendments], they could unfairly manipulate judicial proceedings." Dotson v. Elite Oil Field Servs., Inc., 91 F.Supp.3d 865, 874 (N.D.W.Va. 2015) (quoting Hatcher v. Lowe's Home Centers, Inc., 718 F.Supp.2d 684, 688 (E.D.Va. 2010)).

Here, the Court concludes it would have original jurisdiction over this matter under 28 U.S.C. § 1332.  In his original Complaint, Gomer names only Home Depot as a Defendant, and he alleges Home Depot is headquartered in Atlanta, Georgia.  (Compl. ¶ 3, ECF No. 2).  Because Gomer alleges he lives only in Maryland, (id. ¶ 2), Gomer and Home Depot are completely diverse.  And, Gomer alleges an amount in controversy of $435,000.  (Id. ¶¶ 22, 33).  The Court, therefore, concludes removal was proper and the Court has subject-matter jurisdiction over this case.  Accordingly, the Court will deny Gomer's Motion to Remand.

**B.   Motion for Leave to Amend**

Next, the Court considers whether to accept Gomer's proposed Second Amended Complaint. The Court will grant Gomer's Motion for Leave to Amend as to his claims for disparate treatment and unpaid overtime wages because the Court finds no prejudice, bad faith, or futility.  But, the Court will deny Gomer's Motion with respect to his claims for defamation and civil conspiracy because amendment would be

futile.

**1.   Legal Standard**

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b).  Because Gomer filed his proposed Second Amended Complaint after this deadline, Rule 15(a)(2) applies.

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). This federal policy "requires that plaintiff be given every opportunity to cure a formal defect in his pleading." Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (citation omitted).  The decision whether to grant leave to amend a complaint lies within the sound discretion of the district court.  Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va., 985 F.2d 164, 167-68 (4th Cir. 1993) (citation omitted).

In the Fourth Circuit, "delay alone is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).  Leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. Law

Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see TFFI Corp. v. Williams, No. DKC 13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield, 674 F.3d at 379. "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (quoting Johnson, 785 F.2d at 510).

By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is

offered before any discovery has occurred." Id. (citing Davis, 615 F.2d at 613); see Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09CV833 (JCC), 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants."). Additionally, an amendment is not prejudicial if the plaintiff does not add new claims or parties. See Heavener v. Quicken Loans, Inc., No. 3:12-CV-68, 2013 WL 1314563, at *3 (N.D.W.Va. Mar. 26, 2013) ("Defendants will not be prejudiced by the amendments as Plaintiff has only added more facts to support his claim—he has not alleged new claims or added new parties.").

Furthermore, "[a]lthough there is nothing improper in shoring up a complaint's allegations to address deficiencies identified in a motion to dismiss, 'repeated failure to cure deficiencies by amendments previously allowed' is a sufficient basis to deny amendment of pleadings." Young v. Giant Food Stores, LLC, 108 F.Supp.3d 301, 323 (D.Md. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see Heavener, 2013 WL 1314563, at *3 (finding no prejudice when the plaintiff filed only one motion for leave to amend and had not exhibited a repeated failure to cure deficiencies in the complaint).

   2.   **Analysis**

      a.   **Prejudice and Bad Faith**

   Gomer does not add new claims in his proposed Second Amended Complaint.  Rather, he adds many new factual allegations in attempt to

bolster the claims in his First Amended Complaint.  Gomer contends his new allegations are necessary to "flesh out" his Complaint.  (ECF No. 25).  Gomer explains that his inability to locate vital case-related documents and his counsel's poor health have prevented him from presenting the new allegations until now.

Home Depot argues that because all of Gomer's new allegations were within his exclusive knowledge when he commenced this lawsuit, Gomer should have included them in his previous Complaints.  Home Depot contends Gomer's piecemeal approach to presenting his Complaint "is delaying the progress of this case and forcing [Home Depot] to waste its resources responding to each iteration of the complaint." (ECF No. 27).  Also, Home Depot argues that if the Court accepts Gomer's proposed Second Amended Complaint, Home Depot will be prejudiced because it has already served discovery requests based on the First Amended Complaint.

Most, if not all, of the new allegations in Gomer's proposed Second Amended Complaint appear to be attempts to rectify the purported deficiencies in the First Amended Complaint that Home Depot identified in its Motion to Dismiss.  While the Court agrees that Gomer's conduct is delaying the progress of this case, delay alone is not sufficient reason to deny Gomer's Motion.  Johnson, 785 F.2d at 509.  Moreover, there is nothing improper about Gomer using his Second Amended Complaint to attempt to shore up his allegations in response to Home Depot's Motion to Dismiss, as long as Gomer has not repeatedly failed to remedy deficiencies by amendments the Court previously

12

allowed.  See Young, 108 F.Supp.3d at 323 (quoting Foman, 371 U.S. at 182).  As this is the first instance in which Gomer has moved for leave to amend, the Courts finds no such repeated failure and no bad faith because Gomer is using his Motion for Leave to Amend for a permissible purpose.

The Court is not persuaded by Home Depot's assertion that it is "wast[ing] its resources" in responding to each iteration of Gomer's Complaint.  This case remains in its initial stages and the Court has not scheduled a trial.  To be sure, Home Depot already sent discovery requests to Gomer, but as the Court previously indicated, those requests were premature because the Court has not issued a scheduling order.  Accordingly, the Court concludes that accepting Gomer's Second Amended Complaint would not unduly prejudice Home Depot.

### b.  Futility

#### i.  Defamation

Under Maryland law, "a defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person."  Batson v. Shiflett, 602 A.2d 1191, 1210 (Md. 1992) (citation omitted).  To sustain a defamation claim, a plaintiff, like Gomer, who is not a public figure must demonstrate four elements: "(1) the defendant made a defamatory communication to a third person; (2) that the statement was false; (3) that the defendant was at fault in communicating the statement; and (4) that the plaintiff suffered harm."  Ziemkiewicz v. R+L Carriers,

Inc., 996 F.Supp.2d 378, 393 (D.Md. 2014) (quoting Samuels v. Tschechtelin, 763 A.2d 209, 241-42 (Md.Ct.Spec.App. 2000)).

A plaintiff cannot prove the third element of a defamation claim if the allegedly defamatory statements are privileged. See Szot v. Allstate Ins. Co., 161 F.Supp.2d 596, 607-09 (D.Md. 2001) (granting summary judgment for defendant on plaintiff's defamation claim because although statements were defamatory per se, they were privileged).

Communications arising out of the employer-employee relationship enjoy a qualified privilege. Id. at 607 (quoting Gohari v. Darvish, 767 A.2d 321, 328 (Md. 2001)). Statements fall into this category if they are made for a reasonable employment-related purpose, such as communicating the circumstances and alleged misconduct that served as the basis for terminating an employee. See id. (applying Maryland law); see also Happy 40, Inc. v. Miller, 491 A.2d 1210, 1216-17 (Md.Ct.Spec.App. 1985) (recognizing employer was protected by qualified immunity when explaining to remaining employees that employer discharged plaintiff for suspicion of theft). Statements also fall into this category if they are made "in furtherance of a protection of the employer's property." Szot, 161 F.Supp.2d at 607 (quoting Exxon Corp., USA v. Schoene, 508 A.2d 142, 147 (Md.Ct.Spec.App. 1986)); see Jacron Sales Co. v. Sindorf, 350 A.2d 688, 700 (Md. 1976) (recognizing that employer's statements suggesting that former employee had stolen inventory was entitled to qualified privilege).

14

In the context of defamation, a defendant will lose its qualified privilege if the plaintiff proves:

> (1) the publication is made with malice, that is, with knowledge of falsity or reckless disregard for truth; (2) the statement was not made in furtherance of the interest for which the privilege exists; (3) the statement is made to a third person other than one 'whose hearing is reasonably believed to be necessary or useful to the protection of the interest [,]' and (4) the statement includes defamatory matter not reasonably believed to be in line with the purpose for which the privilege was granted.

Szot, 161 F.Supp.2d at 608 (quoting Mareck v. Johns Hopkins Univ., 482 A.2d 17, 21 (Md.Ct.Spec.App. 1984)).

Gomer alleges Defendants made a defamatory communication when they told their "corporate attorneys," "employees," and "affiliates" that Gomer stole a generator. (Proposed Second Am. Compl. ¶¶ 15, 31, ECF No. 25-1). Even assuming, without finding, Defendants actually made this communication to these recipients, it was protected by a qualified privilege because it was made for a reasonable employment-related purpose -- communicating the reason for Gomer's eventual termination -- and made in furtherance of protecting Home Depot's property. Gomer fails to allege any facts that would overcome this privilege. Thus, the Court concludes Gomer's failure to allege Defendants were at fault makes amendment futile. Accordingly, the Court will deny Gomer's Motion as to his defamation claim.[7]

---

[7] A plaintiff cannot sustain a claim for tortious civil conspiracy unless the plaintiff proves other tortious injury. Marshall v. James B. Nutter & Co., 758 F.3d 537, 541 (4th Cir. 2014) (quoting Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc., 665 A.2d 1038, 1045 (Md. 1995)); see Crussiah v. Inova Health Sys., No.

## ii.  Disparate Treatment under Title VII

The elements of a disparate treatment claim are: "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment of similarly situated employees outside the protected class."  Hawkins v. Leggett, 955 F.Supp.2d 474, 491 (D.Md. 2013).

"An adverse employment action is a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'"  Holland v. Wash. Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)).  "Although conduct 'short of ultimate employment decisions can constitute adverse employment action,' there still must be a 'tangible effect on the terms and conditions of employment.'"  Geist v. Gill/Kardash P'ship, 671 F.Supp.2d 729, 737 n.6 (D.Md. 2009) (quoting James, 368 F.3d at 371, 377).  Reducing an employee's opportunities for promotion is an adverse employment action. See Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999).

As an African-American, Gomer is a member of a protected class. See Gbenoba v. Montgomery Cty. Dep't of Health & Human Servs., 209 F.Supp.2d 572, 576 (D.Md. 2002) (recognizing that African-Americans are a protected class), aff'd, 57 F.App'x 572 (4th Cir. 2003). Gomer also alleges he attained the seniority necessary to carry keys, but his supervisors denied him that privilege, while extending the

---

TDC-14-4017, 2016 WL 3098836, at *2 (D.Md. June 1, 2016) (dismissing civil conspiracy claim because plaintiff did not sufficiently plead fraud claim).  Thus, the Court will also deny Gomer's Motion as to his

privilege to white supervisors with less seniority than Gomer. (Proposed Second Am. Compl. ¶ 53). Gomer further alleges that by denying him the privilege of carrying keys, Gomer's supervisors reduced his opportunities for promotion because a supervisor cannot take the Regional Assistant Management Test if the supervisor does not carry keys. (Id. ¶¶ 52, 55).

Without deciding whether the disparate treatment allegations in Gomer's proposed Second Amended Complaint are sufficient to survive a Rule 12(b)(6) motion to dismiss, the Court concludes Gomer states enough plausible facts that amendment would not be futile. The Court will, therefore, grant Gomer's Motion as to his disparate treatment claim and deny Home Depot's Motion to Dismiss (ECF No. 17) as moot as to this claim. See Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded.") aff'd, 610 F.App'x 341 (4th Cir. 2015).

### iii. Failure to Pay Overtime in Violation of FLSA and MWHL

The MWHL is "the State parallel" to the FLSA, Friolo v. Frankel, 819 A.2d 354, 361 (Md. 2003), and the requirements to state a claim under the MWHL "mirror those of the [FLSA,]" Turner v. Human Genome Scis., Inc., 292 F.Supp.2d 738, 744 (D.Md. 2003). To state a claim for unpaid overtime under these statutes, a plaintiff must allege: "(1) that he worked overtime hours without compensation; and (2) that

civil conspiracy claim.

the employer knew or should have known that he worked overtime but failed to compensate him for it." Butler v. DirectSat USA, LLC, 800 F.Supp.2d 662, 667 (D.Md. 2011) (citation omitted).

To state a plausible claim for relief sufficient to survive a motion to dismiss, a plaintiff need not allege the exact number of overtime hours he worked. See id. at 668 (concluding plaintiffs stated a plausible claim for relief without estimating the number of overtime hours they worked); see also Hawkins v. Proctor Auto Serv. Ctr., LLC, No. RWT 09CV1908, 2010 WL 1346416, at *1 (D.Md. Mar. 30, 2010) (same).

Gomer alleges he worked "several overtime hours" in July through October 2014. (Proposed Second Am. Compl. ¶ 24). He goes on to specify that during this period, he "consistently exceeded his regular hours on [a] daily basis by at least two . . . extra hours, by getting off work at 4:00 P.M. and beyond, instead of 2:00 P.M." (Id. ¶ 61). Gomer describes the activities he performed during the overtime hours, such as attending to customers and labeling tools. (Id. ¶ 62). He alleges Home Depot not only knew he worked overtime hours between July and October 2014, but also refused to pay Gomer for the overtime hours, despite his requests. (Id. ¶ 63).

Without determining whether the FLSA and MWHL allegations in Gomer's Second Amended Complaint are sufficient to survive a Rule 12(b)(6) motion to dismiss, the Court concludes Gomer states enough plausible facts that amendment would not be futile. The Court will,

therefore, grant Gomer's Motion as to his FLSA and MWHL claims and deny Home Depot's Motion to Dismiss as moot as to these claims.

## C.   **Motions to Dismiss**

Defendants' Motions to Dismiss are moot as to Gomer's Title VII, FLSA, and MWHL claims.  But, these Motions are not moot as to Gomer's defamation and civil conspiracy claims because, for the reasons discussed above, the Court will deny Gomer's Motion for leave to further amend these claims.  Hence, the Court now reviews whether Gomer's defamation and civil conspiracy claims, as alleged in Gomer's First Amended Complaint, survive Defendants' Motions to Dismiss.  The Court concludes they do not and will grant Defendants' Motions as to these claims.

### 1.   **Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)).  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual

19

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 555 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**2.  Analysis**

    **a.  Defamation**

In his First and Second Amended Complaints, Gomer identifies the

same allegedly defamatory statement: Defendants told their employees, affiliates, and corporate attorneys that Gomer stole a generator. Gomer, however, neither identifies the employees or affiliates who allegedly received the defamatory communication, nor specifies when these individuals received this communication. (See First Am. Compl.). The Court need not accept these unsupported and conclusory allegations as true. See Hirst, 604 F.2d at 847. But even if the Court did accept that Defendants told Home Depot's employees and affiliates that Gomer stole Home Depot property, Gomer fails to allege any facts to overcome the qualified privilege Defendants enjoy. See Szot, 161 F.Supp.2d at 607 (discussing the qualified privilege). And, this privilege also applies to the alleged defamatory communication to Defendants' corporate attorneys because Defendants made it for a reasonable employment-related purpose and in furtherance of protecting Home Depot's property. The Court, therefore, concludes Gomer fails to sufficiently allege defamation. Accordingly, the Court will grant Defendants' Motions as to this claim.[8]

### III. CONCLUSION

For the foregoing reasons, the Court will DENY Gomer's Motion to Remand (ECF No. 35); DENY without prejudice Home Depot's Motion to Compel Discovery Responses and for an Order Deeming Facts in Defendant's First Requests for Admission to be Admitted as True (ECF No. 31); GRANT in part and DENY in part Gomer's Motion for Leave to

---

[8] Because Gomer fails to state a plausible defamation claim, the Court will also dismiss his claim for tortious civil conspiracy. See Marshall, 758 F.3d at 541 (quoting Alleco, 665 A.2d at 1045).

File Second Amended Complaint (ECF No. 25); ACCEPT Gomer's proposed Second Amended Complaint, but only with respect to Counts III (Title VII) and IV (FLSA and MWHL); GRANT in part and DENY in part as moot Home Depot's Motion to Dismiss (ECF No. 17); and GRANT Cote's Motion to Dismiss (ECF No. 38).  Counts I (defamation) and II (tortious civil conspiracy) are DISMISSED; Counts III and IV remain.  A separate Order follows.

Entered this 4th day of October, 2016

/s/
_____
George L. Russell, III
United States District Judge